UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEAPERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00776-TWP-DKL |
| ) | |
| ADRISH BANERJEE, ) | |
| CATHERINE YAN HE a citizen of China, ) | |
| PATRIOT INDUSTRY, ) | |
| MINDPOWER WORLDWIDE, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY, TRANSFER CASE**

This matter is before the Court on a Motion to Dismiss Complaint or Alternatively, Transfer Case, filed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) by Defendants Adrish Banerjee ("Banerjee"), Catherine Yan He ("He"), Patriot Industry ("Patriot"), and Mindpower Worldwide, Inc. ("Worldwide") (collectively "Defendants"). Plaintiff Leapers, Inc. ("Leapers") initiated this lawsuit, alleging Defendants violated the Indiana Crime Victim's Relief Act ("ICVRA"), Ind. Code § 34-24-3-1, which prohibits conversion, theft, forgery, counterfeiting, and criminal mischief. (Filing No. 1.) Specifically, Leapers contends that Defendants violated the ICVRA by unlawfully selling riflescopes in Indiana that bear trademarks, markings, and unique symbols of identification belonging to Leapers. *Id*. On July 13, 2016, Defendants filed their Motion to Dismiss, asserting that this Court does not have personal jurisdiction over them, venue in the Southern District of Indiana is improper, and Leapers' Complaint fails to state a cognizable claim. (Filing No. 20.) In the alternative, Defendants argue that the Court should issue an order transferring this case to the District of Nevada, Southern

Division, pursuant to 28 U.S.C. 1404(a). *Id*. For the following reasons, the Court **DENIES** Defendants' Motion to Dismiss, but **GRANTS** Defendants' alternative request to transfer this case to the Southern Division of Nevada.

## I. BACKGROUND

Leapers is a Michigan corporation that manufactures and sells shooting and hunting gear across the United States, as well as internationally. Banerjee and He are Nevada residents who own and operate Patriot, a Nevada company that sells shooting, hunting, camping and fishing related products at www.patriotindustry.com. Banerjee and He also own and operate Worldwide, a Nevada company engaged in construction project management. This case derives from Defendants' selling and shipping riflescopes, developed and designed by Leapers, into Indiana.

At some point prior to July 24, 2014, Leapers hired Continental Enterprises ("Continental"), an Indiana corporation, to investigate unauthorized third-party uses of Leapers' intellectual property rights[1] in its riflescopes. On July 24, 2014, Continental performed internet searches and learned that Patriot sold riflescopes developed and designed by Leapers at www.patriotindustry.com. The website states that it is the "One Stop Tactical Gear Shop" and is "an American Business serving American Patriots." (Filing No. 37-1 at 9.) Continental then purchased and received two shipments of riflescopes from Defendants' website and arranged for Patriot to ship the items to Indiana. Continental paid for the two purchases through Worldwide's PayPal account and received the shipments on August 8, 2014 and September 9, 2014. A Continental employee, Kyle Wilson, also travelled to Nevada to meet with Defendants as part of the investigation.

---

[1] The Court notes that Leapers does not own proprietary rights in the design of the riflescopes because the United States Patent and Trademark Office rejected Leapers' application to register the design of the riflescopes, deeming the design non-distinctive. (Filing No. 21-6 at 5.)

2

Thereafter, with the help of Indiana's Vanderburgh County Sheriff's Office, Leapers arranged for the arrest of Banerjee and He during a trade show in Las Vegas, Nevada. After spending one month in Las Vegas Detention Center, Banerjee and He were extradited to Indiana and subjected to criminal charges. The criminal case against Banerjee and He was ultimately dismissed and, thereafter, Banerjee and He brought a civil action against Leapers in the District of Nevada, asserting that Leapers significantly damaged their business when Leapers arranged for their arrest in front of current and potential customers at the trade show.

On April 8, 2016, Leapers filed a Complaint in this Court, contending that it did not give Defendants permission to manufacture, produce, advertise, or sell any item using Leapers' riflescope design in Indiana, or elsewhere. (Filing No. 1.) Leapers alleges that Defendants' sale of the riflescopes violates Leapers' rights under the ICVRA, which prohibits conversion, theft, forgery, counterfeiting, and criminal mischief. On July 13, 2016, Defendants moved to dismiss Leapers' Complaint asserting that this Court does not have personal jurisdiction over Defendants, venue in the Southern District of Indiana is improper, and Leapers' Complaint fails to state a cognizable claim. (Filing No. 20.) In the alternative, Defendants assert that the Court should issue an order transferring the case to the District of Nevada, Southern Division, pursuant to 28 U.S.C. 1404(a). Thereafter, on October 16, 2016, Defendants' Nevada action was dismissed without prejudice.

## II.   LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Transfer is appropriate under this section where the moving party establishes that (1) venue is proper in the transferor district, (2) venue is proper in the

3

transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Volkswagen Aktiengesellschaft v. Dee Eng'g, Inc.*, No. 1:02-CV-1669-LJM, 2003 WL 1089515, at *1 (S.D. Ind. Mar. 4, 2003) (citations omitted).

### III.   DISCUSSION

#### A.   Venue is Proper in Both Districts

As an initial matter, in order for transfer to be appropriate under 28 U.S.C. § 1404(a), venue must be proper in both the transferor and transferee districts. *See Dee Eng'g, Inc*, 2003 WL 1089515, at *2. There is no dispute that venue is proper in the Southern Division of Nevada, however, Defendants dispute that venue is proper in the Southern District of Indiana. Defendants argue that their contacts with Indiana are minimal, random acts that are not strong enough to establish proper venue.  The Court disagrees with Defendants' contention and finds that venue is proper in Indiana. Under § 1391, a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. The basis of Leapers' claim before this Court is that Defendants violated Indiana state law and caused Leapers' injuries when they sold and shipped riflescopes to an Indiana resident. Accordingly, venue is proper in the Southern District of Indiana, and the Court is now left to determine whether this case should be transferred based on convenience.

#### B.   Convenience and the Interests of Justice

Defendants argue that the Court should transfer this case to the District of Nevada, Southern Division, because Nevada best serves the convenience of the parties, the witnesses, and the interest of justice. Leapers contends that a transfer of venue would merely shift any alleged inconvenience. Generally, the plaintiff's choice of forum is entitled to substantial deference. However, the plaintiff's choice of forum is given less deference when the plaintiff chooses to

litigate outside its home forum. *Dee Eng'g, Inc*, 2003 WL 1089515, at *2. Leapers is incorporated and has its principal place of business in Michigan, and all of Leapers' employees are located in Michigan. ([Filing No. 37-3 at 1-2](#).) Accordingly, "the defendant's place of residence becomes more important in determining the convenience to the parties." *Dee Eng'g, Inc*, 2003 WL 1089515, at *2.

In addition, when considering the convenience of the parties, courts also consider the parties' abilities to bear the expense of trial in a particular forum. *Id.* at *2-3 (holding that the larger of the two parties was in a better position to bear the cost of litigating outside of its home forum). In this case, Defendants argue that litigating in Indiana would impose a substantial hardship as they have already suffered substantial financial loss from their public arrest in Nevada. Leapers does not allege that it is in a weaker financial position or is unable to bear the extra expense of travel to Nevada and, in fact, Leapers admits that a representative from Continental visited Nevada and met with Defendants as part of the investigation conducted on Leapers' behalf. As a result, this Court will assume that Leapers is capable of bearing any additional travel costs and this analysis favors Defendants.

Regarding convenience of witnesses, Leapers argues that resolution of this trial will likely require witness testimony from its representatives that are located in Michigan. Leapers contends that Indiana is more convenient than Nevada, because Michigan is closer to Indiana. Nevertheless, when weighing the relative convenience of witnesses, courts generally assign little weight to the location of employee-witnesses because they are usually within the control of the parties and are likely to appear voluntarily in either forum. *Abbot*, 2007 WL 844903, at *3. Both parties, however, note several non-party witnesses. Defendants point to witnesses[2] who are parties to its

---

[2]Officers of the Las Vegas Metropolitan Police Department, a representative from the Clark County Detention Center in Nevada, four Nevada eyewitnesses, a Nevada treating physician, two or more of Defendants' customers in Nevada,

5

civil action against Leapers in Nevada, and assert that their existence requires transfer to the Southern Division of Nevada. In response, Leapers argues that the witnesses outlined in the now-dismissed Nevada litigation are irrelevant for establishing the cause of action or affirmative defenses pending before this Court. Leapers also contends that Indiana is more convenient because its non-party witnesses are located in the Southern District of Indiana, specifically the employees of Continental and the employees of Vanderburgh County who were involved in the investigation.

The Court first notes that the investigation in Indiana "'was [Leapers'] choice, and therefore it is not entitled to nearly as much weight as it would be if Indiana were inherently more convenient.'" *See Heckler & Koch, Inc. v. Precision Airsoft, LLC*, No. 109-CV-485-SEB-JMS, 2010 WL 1257450, at *2 (S.D. Ind. Mar. 25, 2010) (quoting *Heckler & Koch, Inc. v. Dong Ying Manufacturing, Inc.*, 2009 WL 4906930, at *1 (S.D. Ind. Dec. 11, 2009)). The Court also concludes, however, that although Defendants identified several non-party witnesses who live beyond the reach of this forum, Defendants failed to adequately assert what testimony these witnesses might provide and whether these witnesses would not be willing to travel to Indiana. Without more, the Defendants have failed in their burden to establish that convenience clearly favors transfer to Nevada because of the existence of non-party witnesses outside the reach of this Court. *See*, *e.g.*, *Villafuerte v. Decker Truck Line, Inc.*, No. 2:14-CV-177-TLS-PRC, 2014 WL 3721962, at *4 (N.D. Ind. July 25, 2014) ("[t]he determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case") (internal quotation omitted). Consequently, because neither forum is clearly

---

three California witnesses, as compared to two Indiana witnesses from the Indiana County Sheriff's Department and the County Prosecutor's office. (Filing No. 21-7 at 4.)

more convenient for the party and non-party witnesses, the Court concludes that this factor does not favor either party.

Additionally, regarding material evidence, the Court concludes that Defendants have not presented any facts regarding whether specific evidence or documents are located in Nevada. On the other hand, Leapers asserts that most of the material evidence in this case is investigation-related documents that are located at Continental's office in Indiana and, therefore, Indiana is more convenient. The Court again notes, however, that the investigation in Indiana was Leapers' choice, and is given little weight. *See Heckler & Koch, Inc.*, 2010 WL 1257450, at *2. Accordingly, because neither forum is clearly more convenient, this factor also favors neither party.

When considering the interests of justice factor, the Court finds that it tilts in favor of transfer. Defendants' presence in Indiana is primarily through internet connections and the amount of business conducted in Indiana is minimal. Also, relevant to this factor is a comparison of the dockets in this district and Nevada. *See Heckler & Koch*, No. 109-CV-485-SEB-JMS, 2010 WL 1257450, at *2. For the twelve-month period ending December 31, 2016, this Court ranked fourth in the nation for the number of weighted filings per authorized judgeship. [3] The Court notes that Nevada, on the other hand, ranked fifteenth. This Court is also under a declared "Judicial Emergency" due to its heavy caseload, while Nevada is not. *See* http://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies. Accordingly, because Nevada has a significantly lighter caseload than this district, litigation in Nevada would serve the interest of justice as the litigants are more likely to receive a speedy trial.

Accordingly, the Court finds that, while venue in either the Southern Division of Nevada or the Southern District of Indiana is proper, and the Southern District of Indiana is more

---

[3] *See* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf.

7

convenient for Leapers, the gain in convenience to the Defendants and the interests of justice favor transfer to the Southern Division of Nevada.  Accordingly, the Motion to Dismiss or Alternatively Transfer Case (Filing No. 20) is granted and the matter is transferred to the Southern Division of Nevada.

**SO ORDERED**.

Date: 3/31/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Amie Peele Carter
FAEGRE BAKER DANIELS LLP (Indianapolis)
amie.peelecarter@FaegreBD.com

Daniel E. Pulliam
FAEGRE BAKER DANIELS LLP (Indianapolis)
daniel.pulliam@faegrebd.com

Louis T. Perry
FAEGRE BAKER DANIELS LLP (Indianapolis)
louis.perry@faegrebd.com

Jeffrey I. Pitegoff
MORRIS SULLIVAN LEMKUL & PITEGOFF
pitegoff@morrissullivanlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com